21-1082-cv
Kim-Chee LLC v. Philadelphia Indemnity Insurance Company

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of January two thousand twenty-two.

Present:    ROSEMARY S. POOLER,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.
            ERIC R. KOMITEE,[1]
                    *District Judge*.

_____

KIM-CHEE LLC, YUP CHAGI INC.,
DBA MASTER GORINO'S PIL-SUNG TAE-KWON-DO,

        *Plaintiffs-Appellants*,

        v.                                                          21-1082-cv

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
PHILADELPHIA CONSOLIDATED HOLDING CORP.,
AKA PHILADELPHIA INSURANCE COMPANIES,

        *Defendants-Appellees*.

_____

[1] Judge Eric R. Komitee, United States District Court for the Eastern District of New York, sitting by designation.

| Appearing for Appellants: | Christopher M. Berloth, Duke, Holzman, Photiadis & Gresens LLP (Charles C. Ritter, Jr., Steven W. Klutkowski, *on the brief*), Buffalo, N.Y. |
| --- | --- |
| Appearing for Appellees: | Stephen E. Goldman, Robinson & Cole LLP (Wystan M. Ackerman, *on the brief*), Hartford, CT. |
| | Michael Glascott, Adam R. Durst, Goldberg Segalla LLP, (*on the brief*), Buffalo, N.Y. |
| Appearing for the American Property Casualty Insurance Association and the National Association of Mutual Insurance Companies as *amici curiae* in support of Appellees: | Laura A. Foggan, Crowell & Moring LLP, Washington, D.C. |
| | James R. Martin, Zelle LLP, Washington, D.C. |
| Appearing for the Restaurant Law Center, New York State Restaurant Association, and New York City Hospitality Alliance as *amici curiae* in support of Appellants: | Gabriel K. Gillett, Jenner & Block LLP, (John H. Mathias Jr., David M. Kroeger, Jeremy M. Creelan, Michael W. Ross, *on the brief*), Chicago, IL. |
| | Angelo I. Amador, Restaurant Law Center, Washington, D.C. |

Appeal from the United States District Court for the Western District of New York (Crawford, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants Kim-Chee LLC and Yup Chagi Inc., d/b/a Master Gorino's Pil-Sung Tae-Kwon-Do (collectively "Kim-Chee"), sued Philadelphia Indemnity Insurance Company and Philadelphia Consolidated Holding Corp. (collectively "Philadelphia") for breach of contract, declaratory relief, and violation of New York's deceptive trade practices act, N.Y. Gen. Bus. Law § 349, after Philadelphia denied Kim-Chee's claim for insurance coverage for business losses resulting from the coronavirus pandemic and related government restrictions. The district court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, 535 F. Supp. 3d 152, 164 (W.D.N.Y. 2021). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's dismissal under Rule 12(b)(6). *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

Kim-Chee argues that the closure of its business during the pandemic entitles it to business income, extra expense, and civil authority coverage under its property insurance policy. The

policy's business income and extra expense coverage both require Kim-Chee to have suspended operations because of "direct physical loss of or damage to property at" Kim-Chee's premises. App'x at 53, 54. The policy's civil authority coverage requires "direct physical loss of or damage to" other property in the vicinity of the insured property. App'x at 55. The common question, therefore, is whether the coronavirus and the government restrictions responding to it caused "direct physical loss of or damage to" property.

Recently, this Court interpreted an art gallery's policy that was materially identical to the policy at issue here and likewise governed by New York law. *See 10012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216 (2d Cir. 2021). There, the gallery argued that it suffered a "direct physical loss" from not being able to use its property during the pandemic. *Id.* at 218-19. The Court disagreed. Relying on the First Department's decision in *Roundabout Theatre Co. v. Continental Casualty Co.*, 751 N.Y.S.2d 4 (1st Dep't 2002), it held that, under New York law, the term "direct physical loss" unambiguously "do[es] not extend to mere loss of use of a premises, where there has been no physical damage to such premises." *10012 Holdings*, 21 F.4th at 222. In light of the ruling in *10012 Holdings*—about which the parties in this case, on our request, submitted supplemental briefing—Kim-Chee cannot base its business interruption claim on loss of possession or access. Nor can Kim-Chee argue that closure due to the risk of "possible human infection [can] qualify as a 'risk of direct physical loss.'" *Id.* at 223. Rather, to survive dismissal, Kim-Chee's complaint must plausibly allege that the virus itself inflicted "actual physical loss of or damage to" property. *Id.* at 222.

The complaint, however, offers only conclusory assertions in support of this contention. It is true that at the motion to dismiss stage we accept all factual allegations as true and draw all reasonable inferences in a plaintiff's favor. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). But a complaint cannot "tender[] naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alterations, internal quotation marks, and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Kim-Chee alleges that the virus is "ubiquitous, such that it exists everywhere," that it "was present at, in, throughout, and on Plaintiffs' Premises and property within one mile of Plaintiffs' property," and that "[p]roperty in the immediate area of Plaintiffs' Premises . . . was exposed to the Virus" and "had the Virus on surfaces therein." App'x at 14. These generic allegations are insufficient to state a claim. Even assuming the virus's presence at Kim-Chee's tae-kwon-do studio, the complaint does not allege that any part of its building or anything within it was damaged—let alone to the point of repair, replacement, or total loss. Nor does Kim-Chee explain how, other than by the denial of access, any of its property could no longer serve its insured function. To the contrary, we agree with the district court that the virus's inability to physically alter or persistently contaminate property differentiates it from radiation, chemical dust, gas, asbestos, and other contaminants whose presence could trigger coverage under Kim-Chee's policy. *See Kim-Chee LLC*, 535 F. Supp. 3d at 159.

We also reject Kim-Chee's argument concerning the standard-form provision known as the "virus exclusion." This clause, included in some insurance policies similar to Kim-Chee's,

excludes coverage for "direct physical loss or damage to" property "caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." App'x at 112. Kim-Chee's policy does not contain a virus exclusion. Thus, Kim-Chee argues, the policy must cover losses "caused by or resulting from" the coronavirus. We disagree. "[T]he absence of an exclusion cannot create coverage; the words used in the policy must themselves express an intention to provide coverage . . . ." *Advance Watch Co., Ltd. v. Kemper Nat'l Ins. Co.*, 99 F.3d 795, 805 (6th Cir. 1996); *see also Com. Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 33 (2d Cir. 1999) (citing *Advance Watch Co.* with approval). Because Kim-Chee "never established its initial entitlement to coverage, we need not consider what consequences for that coverage might have arisen from the virus exclusion." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 653 (6th Cir. 2021). Kim-Chee has not shown it suffered a covered loss under its insurance policy, and the absence of the virus exclusion does not alter this conclusion. We therefore affirm the dismissal of Kim-Chee's claim for breach of contract and declaratory relief.

We also affirm as to New York General Business Law § 349. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). To state a claim under Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Plavin v. Grp. Health Inc.*, 35 N.Y.3d 1, 5 (2020) (citation omitted). Kim-Chee alleges that Philadelphia violated Section 349 by essentially marketing its policies without virus exclusions as providing more coverage than its policies with virus exclusions, and then, during the pandemic, refusing to distinguish between these two types of policies when processing claims like Kim-Chee's. But even taking that as true, Kim-Chee cannot satisfy the third Section 349 element: injury as a result of Philadelphia's conduct. Philadelphia was entitled to deny Kim-Chee coverage even though its policy lacked the virus exclusion. Therefore, Kim-Chee did not suffer any harm from its claim having been processed alongside policies containing the exclusion. The district court correctly dismissed the Section 349 cause of action.

We have considered all of Kim-Chee's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4